**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| ATTITUDE ADJUSTMENT, INC. and STEPHAN BROWN,<br><br>Plaintiffs,<br><br>v.<br><br>GATUNLATI CO, INC., AMANDA BLOOM, and DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No.: EDCV 23-01563-CJC (ADSx)<br><br>**ORDER *SUA SPONTE* DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

  Federal courts have subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted). Federal courts have a duty to examine their

subject matter jurisdiction whether or not any party raises the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.").

The Court lacks subject matter jurisdiction over this case. Plaintiffs Attitude Adjustment, Inc. and Stephan Brown assert state law claims against Defendants Gatunlati Co., Inc., Amanda Bloom, and unnamed Does for (1) fraudulent inducement, (2) breach of fiduciary duty, (3) breach of contract, (4) fraudulent concealment, (5) conversion, and (6) negligence. (Dkt. 1 [Complaint].) Plaintiff alleges that "[t]his Court has jurisdiction over this action pursuant to Controlled Substances Act of 1970 (CSA) Schedule I substance." (*Id.* ¶ 5.)

Plaintiffs' claims do not arise under federal law. Federal subject matter jurisdiction exists when a civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] case can 'aris[e] under' federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (alteration in original). "As a rule of inclusion, this 'creation' test admits of only extremely rare exceptions and accounts for the vast bulk of suits that arise under federal law." *Id.* (citation omitted). "But even where a claim finds its origins in state rather than federal law," there exists "a 'special and small category' of cases in which arising under jurisdiction still lies." *Id.* at 258 (citation omitted). For that category, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.*

   Here, state law, not federal law, creates Plaintiffs' causes of action. And Plaintiffs' claims do not fall within the "special and small category" of state-law claims that give rise to federal question jurisdiction. Plaintiff appears to believe that federal question jurisdiction exists because Plaintiff is "a cannabis distribution company." (Compl. ¶ 11; *see Attitude Adjustment, Inc., et al. v. Gatunlati Co., Inc., et al.*, Case No. 8:23-cv-01031-CJC-ADS, Dkt. 12 ["This matter is cannabis regulation-related contracts and transactions. It has a federal and state basis via supplemental jurisdiction over state claims."].) But the fact that the contracts and transactions at issue in this case may have something to do with a federally regulated substance does not mean that Plaintiff's state law claims arise out of federal law. *See, e.g.*, *Kingman Hosp. Inc. v. Purdue Pharma LP*, 2019 WL 4024773, at *2 (D. Ariz. Aug. 27, 2019) (remanding case alleging nine state law causes of action based on the defendants' alleged marketing and distribution of opioid medications because "to the extent the Complaint raises any question under the Controlled Substances Act, the question is not substantial, resolution of the question is not essential for Plaintiffs to succeed, and the Controlled Substances Act does not provide for a private right of action, indicating that Congress did not intend that federal courts would exercise federal question jurisdiction and provide remedies under the statute"); *Shmatko v. Arizona CVS Stores LLC*, 2014 WL 3809092, at *2 (D. Ariz. Aug. 1, 2014) (*sua sponte* dismissing for lack of subject matter jurisdiction claims for medical negligence, medical malpractice, strict product liability, and breach of warranty and rejecting contention that federal question jurisdiction existed due to connection with the CSA).

   Diversity subject matter jurisdiction also does not exist. Diversity jurisdiction exists when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002). Plaintiffs' Complaint makes clear that there is not diversity of citizenship. (*See id.* ¶¶ 1, 3 [alleging that the plaintiff and defendant entities are citizens of California].)

Indeed, the Court has dismissed an identical case involving the same parties for lack of diversity jurisdiction. (Case No. 8:23-cv-01031-CJC-ADS, Dkt. 11.)

Accordingly, the Court **DISMISSES** Plaintiffs' Complaint for lack of federal subject matter jurisdiction. This dismissal is without prejudice to Plaintiffs refiling this case in state court.

DATED: August 10, 2023

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE